Filed 5/6/16  P. v. Mendez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070734 |
| Plaintiff and Respondent, | (Super. Ct. No. SF014548A) |
| v. | |
| MAXIMILIANO MENDEZ, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Robert L. S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

This court filed its nonpublished opinion, *People v. Mendez* (Aug. 4, 2011, F059235), affirming defendant Maximiliano Mendez's convictions for assault with a

---

[*]Before Gomes, Acting P.J., Detjen, J. and Franson, J.

deadly weapon by a prison inmate (Pen. Code, § 4501)[1] and resisting an executive officer in the performance of duties (§ 69).[2]  After filing our opinion, the voters reformed the three strikes law, passing Proposition 36.  On December 19, 2014, the trial court denied defendant's petition for resentencing, finding him ineligible under Proposition 36.  Defendant's appellate counsel has filed a brief stating there are no issues and seeking independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

## FACTS AND PROCEEDINGS

*First Appeal*

On April 29, 2008, Mendez was a prisoner housed at Wasco State Prison.  At around 4:24 p.m., Mendez, who had a cane in his hand, approached Correctional Officer Moises Diaz.  Mendez told Diaz in a loud and aggressive tone of voice that he needed a cup and spoon.  Diaz went to retrieve a cup and spoon for Mendez.  When the items were handed to Mendez, Mendez threw the spoon on the floor.  Diaz ordered Mendez to pick up the spoon and take both items to his cell.

Mendez headed toward his cell, calling Diaz a "fucking bitch" and saying "fuck you."  Diaz told Mendez to stop calling him names or Diaz would write up Mendez for a rules violation.  Mendez threw the cup at Diaz, hitting Diaz in the forehead; Diaz's forehead began to bleed.  Diaz pressed the personal alarm on his belt to summon help and ordered Mendez to get down on the floor.

Mendez did not comply with the order to lie prone on the floor, so Diaz drew his pepper spray, aimed it at Mendez's face, and sprayed.  Mendez, however, was wearing prescription glasses and the pepper spray did not have the desired effect of subduing him.  The pepper spray coated Mendez's glasses; Mendez took off his glasses and threw them

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

[2]On page 2 of his opening brief, defendant's appellate counsel has requested we take judicial notice of the record in case No. F059235.  We take judicial notice of our opinion in *People v. Mendez*, *supra*, F059235; the relevant facts are taken from that opinion.

2.

on the floor. Mendez then grabbed his cane with both hands, held it like a baseball bat, and swung it at Diaz, knocking the pepper spray can from Diaz's hand.

Mendez continued to swing the cane at Diaz; Diaz raised his left arm to block the blows. The cane struck Diaz's left hand, specifically the index finger, which began to swell and cause pain. Mendez continued to swing the cane, hitting Diaz in the chest. Diaz pulled out his baton and struck Mendez in the left leg.

Diaz struck Mendez more than once with the baton, and Mendez eventually got down on the floor. Other correctional officers responded to the alarm and handcuffed Mendez. Diaz was taken to the emergency care unit for treatment of the wounds to his head and finger.

Mendez was charged with assault with a deadly weapon by a state prisoner and resisting an executive officer. It also was alleged that Mendez inflicted great bodily injury and had suffered two prior strikes and had served two prior prison terms.

A jury convicted Mendez of both offenses, but found the great bodily injury enhancement not true. In a bifurcated proceeding, the jury found the prior strike and the prior prison term enhancements true. The trial court sentenced Mendez to 27 years to life in prison.

### Resentencing Hearing

On October 8, 2014, counsel from the Kern County Public Defender's Office filed a petition pursuant to section 1170.126 and Proposition 36 to be resentenced, arguing that his current convictions did not qualify as serious or violent felonies under the revised law. The People filed opposition to defendant's petition, arguing that defendant's current felony conviction under section 4501 was a serious felony, thus making him ineligible for resentencing under Proposition 36. The People further contended that one of defendant's strike convictions in 1985, for assault to commit rape pursuant to sections 220 and 261, further disqualified defendant from resentencing under Proposition 36.

Under section 1170.126, subdivision (e)(3), a defendant is eligible for resentencing if he or she has no prior convictions set forth in section 667, subdivision (e)(2)(C)(iv)(I), or 1170.12, subdivision (c)(2)(C)(iv)(I) for a sexually violent offense as defined in Welfare and Institutions Code section 6600. Subdivision (b) of Welfare and Institutions Code section 6600 defines, among other offenses, a violation of Penal Code section 220 with the intent to violate section 261 as a sexually violent offense.

At the resentencing hearing on December 19, 2014, the prosecutor noted the jury verdict form for defendant's section 4501 conviction stated he was charged with assault with force likely to cause great bodily injury or with a deadly weapon. The jury further found true an allegation that defendant had a prior conviction for section 220. The trial court found defendant ineligible for resentencing under Proposition 36 on the basis that he had a prior conviction under sections 220 and 261.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on March 12, 2015, we invited defendant to submit additional briefing.

Defendant belatedly replied with a letter stating he had contacted his attorney of record seeking information concerning the status of his appeal and seeking a petition for a writ of habeas corpus. Defendant said he sought his counsel's assistance in locating members of his family because he had been in secured housing for six or seven years. According to defendant, his appellate counsel told him he would not help him find his family members. Defendant complained about his children being molested by inmates in a Sacramento prison.

Defendant referred to the debriefing of a federal inmate who admitted to federal officials that he had committed a crime that defendant had been convicted of committing in 1985.  Defendant wanted his appellate counsel to contact and speak with the FBI.  Defendant said he wanted his counsel to file a writ of habeas corpus based on discovery pursuant to *Brady v. Maryland* (1963) 373 U.S. 83.  Defendant said he had photographic evidence of himself establishing he did not commit one of his prior offenses.  Defendant claimed a prison guard was a gang member from defendant's neighborhood who feared defendant's exposing him for crimes he committed, including murder.  Defendant stated FBI recordings establish his appellate counsel is ineffective.

Some of defendant's contentions in his letter brief do not appear to have anything to do with his underlying conviction or this appeal.  Defendant has raised other arguments that are based on factual allegations outside the record of this appeal, as well as his first appeal.  Our review on direct appeal is limited to the appellate record.  A record can be developed of matters beyond the appellate record by way of a petition for habeas corpus.  (*People v. Jenkins* (2000) 22 Cal.4th 900, 952-953; *People v. Barnett* (1998) 17 Cal.4th 1044, 1183.)  Defendant has not filed a petition for habeas corpus and we will not treat his appeal as such a petition.[3]

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

[3]Although both trial courts and appellate courts have jurisdiction over habeas corpus petitions, reviewing courts have discretion to deny without prejudice a habeas corpus petition not filed first in the proper lower court.  (*People v. Seijas* (2005) 36 Cal.4th 291, 307; *People v. Crockett* (2008) 159 Cal.App.4th 751, 757.)  Should defendant seek to pursue a petition for habeas corpus, he should initially pursue it in the proper trial court.