Filed 3/26/21; Certified for publication 4/13/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br>v.<br><br>BYRON McCLOUD,<br><br>          Defendant and Appellant. | A158898<br><br>(Solano County<br>Super. Ct. No. VC31353) |

Byron McCloud appeals from an order denying his petition for conditional release under Welfare and Institutions Code section 6608 of the Sexually Violent Predator Act.[1]  McCloud contends the trial court erred in determining his petition was frivolous and denying the petition without a hearing.  He also argues he was entitled to appointment of counsel and an expert before the trial court could decide whether his petition warranted a hearing.

We conclude the trial court did not err in denying the petition, and we are not persuaded that court-appointed counsel and a court-appointed expert were required in this case either by statute or as a matter of due process.  Accordingly, we affirm.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

## FACTUAL AND PROCEDURAL BACKGROUND

*McCloud's History of Convictions of Sex Crimes and SVP Status*

McCloud has been convicted of 17 sexually violent crimes against six different victims. The offenses against the first five victims were committed in 1979, with McCloud breaking into the victims' homes and sexually assaulting them. The first victim was a 10-year-old girl. McCloud was convicted of these crimes and sent to prison. He was paroled in March 1991, and seven months later, when he was 37 years old, McCloud broke into the home of a 69-year-old woman and sexually assaulted her. (*People v. McCloud* (2013) 213 Cal.App.4th 1076, 1080 (*McCloud I*).)

In July 2011, a jury determined McCloud was a sexually violent predator (SVP), and he was committed to the custody of the Department of State Hospitals (DSH).[2] (*McCloud I*, *supra*, 213 Cal.App.4th at p. 1078.) McCloud has been continuously incarcerated or institutionalized since 1991.

*Previous Petition for Conditional Release*

In 2015, McCloud petitioned for conditional release without the concurrence of the DSH. The trial court (Hon. E. Bradley Nelson) appointed counsel and appointed an independent evaluator to examine McCloud. Five witnesses—including four experts—testified at an evidentiary hearing, which was conducted over multiple days. On January 8, 2018, at the conclusion of the hearing, Judge Nelson denied the petition, finding McCloud failed to prove he was no longer an SVP or that he was suitable for conditional release. (*People v. McCloud* (No. A153615, July 19, 2019) [nonpub. opn.].)

---

[2] A "sexually violent predator" is "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a)(1).)

*Current Petition for Conditional Release*

On August 8, 2019, McCloud, representing himself, filed another petition for conditional release without the concurrence of the DSH. The typewritten petition included eight attached exhibits.

The first exhibit consisted of five non-consecutive pages from his DSH–Coalinga Annual Evaluation dated June 14, 2019 (2019 Annual Report), a report which was itself 38-pages long.[3] It showed McCloud had a current diagnosis under DSM-5 of "Other Specified Paraphilic Disorder, Nonconsenting Females," among other things. The evaluation, prepared by consulting psychologist Rebecca Martin, concluded that McCloud's mental condition had not changed in the previous year; that as a result of his diagnosed mental disorders, McCloud remained a danger to the health and safety of others in that he was likely to engage in future sexually violent criminal behavior if not detained and treated in a custodial environment; and that he was not a suitable candidate for either unconditional release or release to a less restrictive community setting. The excerpt included information that McCloud had discontinued his participation in the sexual offense treatment program (SOTP) in July 2013. The report noted that McCloud was asked to participate in an interview for this evaluation, but

---

[3] Under section 6604.9, subdivision (a), SVP's committed to the DSH must have an examination of their mental condition at least once a year. The resulting report of the annual examination must "include consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative . . . or unconditional discharge . . . is in the best interest of the person and conditions can be imposed that would adequately protect the community." (§ 6604.9, subd. (b).) The DSH is required to file this annual report with the court and serve copies of the report to the prosecuting agency and the committed person. (*Id*. subd. (c).)

declined, and that he did not participate in an interview during a "previous update" in 2018. The consulting psychologist's evaluation was thus completed "based on a review of the records and consultation with DSH-C staff familiar with the patient."

McCloud alleged the 2019 Annual Report was based on stale reports and information. He alleged the annual examinations (under § 6604.9) were "void" from 2015 through 2019 "absent . . . promulgated standardized assessment protocol."[4] McCloud, who was born in 1954, noted that "various studies have concluded that recidivism rates decrease significantly among older male sex offenders." He alleged his diagnosis of "nonconsent" (as a type of paraphilic disorder) was " 'force-fitting' a diagnosis [which] violates ethical standards."[5] McCloud also alleged the 2019 Annual Report "relied upon antisocial personality."

McCloud alleged he "voluntarily entered num[e]rous treatment programs," citing the excerpt of the 2019 Annual Report.[6] He alleged the

_____

[4] Here, McCloud cited two other attached exhibits. The first appears to be pages from a memo from the State Auditor dated March 2015, with the title "California Department of State Hospitals[;] [¶] It Could Increase the Consistency of Its Evaluations of Sex Offenders by Improving Its Assessment Protocol and Training." The second exhibit appears to be a DSH notice of proposed regulations for SVP standardized assessment protocols inviting public comments starting on February 15, 2018.

[5] Here, McCloud cited an exhibit that consisted of two pages of what appeared to be a longer journal article copyrighted by the American Psychological Association in 2006.

[6] It was reported that McCloud participated in various groups while committed including computer lab, public speaking, piano instruction, guitar skills, graphic arts, "Changing Your Thinking," "Chess for Social Interaction and Wellbeing," "Treatment Readiness," "Cycles of Abuse," "Interpersonal Group Dynamics and Team Building," and "Warhammer Gaming for Social

4

report "does not inform court that SOTP changed repeatedly." He stated he was willing to participate in transitional treatment, citing an exhibit that appears to be a letter approving him for a residential program for substance abuse. This letter, from Transitional and Recovery Housing for Veterans dated June 20, 2019, indicates McCloud was approved by a VA liaison to enter Dignity's Alcove Inc., a six-month drug and alcohol and 18-month transitional housing program that required participation in weekly groups such as anger management, relapse prevention, AA/NA and money management. Notably, the letter did not mention treatment for sex offenders or otherwise indicate that program could benefit SVP's or protect the public from SVP's.

The petition concluded, "Thus McCloud qualify [*sic*] for conditional release because the petition was not based upon frivolous ground, willingness to attend treatment in a less restrictive environment [*sic*]. [¶] McCloud also request[s] court appoint conflict free coun[se]l and an expert with show cause."

*District Attorney Response*

The Solano County District Attorney filed a response to the petition arguing the petition was frivolous and should be denied without a hearing. Attached as an exhibit to the response was the complete 38-page 2019 Annual Report with a cover letter from the Director of the DSH addressed to the Solano County Superior Court, in which the Director stated he agreed with consulting psychologist Martin's findings and recommendations.

---

Skills." The report noted, "McCloud discontinued his SOTP participation in July 2013."

5

*Trial Court Order Denying McCloud's Petition*

On October 11, 2019, the trial court (Hon. E. Bradley Nelson) denied the petition without a hearing. In his written order, Judge Nelson noted that he previously denied McCloud's earlier petition following an evidentiary hearing that included four expert witnesses. The court explained: "Petitioner has now filed a new petition for conditional release, also without the concurrence of the DSH. However, unlike his prior petition, this one is not supported by a medical evaluation nor by any facts upon which a court could find that petitioner's condition has so changed that a hearing is warranted. Indeed, petitioner attaches as Exhibit A to his new petition the most recent [section] 6604.9 annual evaluation by the Department of State Hospitals-Coalinga regarding his commitment. In this evaluation, dated June 14, 2019, DSH's consulting psychologist specifically states that Petitioner's mental condition '<u>HAS NOT</u>' changed, that he still meets the statutory definition of a sexually violent predator, and that he is not suitable for either unconditional or conditional release (emphasis not added).

"Consequently, the current petition is denied because it is frivolous, i.e. totally and completely without merit and, because it does not contain any facts upon which a court could find that petitioner's condition has so changed that a hearing is warranted." (Bolding and fn. deleted.)

## DISCUSSION

A. *The Trial Court Did Not Err in Denying McCloud's Petition*

1. <u>Applicable Law and Standard of Review</u>

A person who has been committed as an SVP has a right under section 6608, subdivision (a), to petition the court for conditional release with or without the recommendation or concurrence of the Director of the DSH. When a person petitions for conditional release without the concurrence of

6

the DSH (as McCloud did in this case), the trial court is required to "*endeavor whenever possible* to review the petition and determine if it is based upon frivolous grounds and, if so, . . . deny the petition *without a hearing*." (§ 6608, subd. (a), italics added.)[7]

Thus, section 6608 provides a two-step process when a committed person files a petition for conditional release without DSH concurrence. "First, the trial court makes a threshold determination as to whether the petition for conditional release is based upon frivolous grounds." (*Olsen*, *supra*, 229 Cal.App.4th at p. 996.) Our high court has described this first step as "an apparent attempt to deter multiple unsubstantiated requests and to reduce the administrative burden that might otherwise occur." (*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1148, fn. 14.)

In the second step, the trial court conducts an evidentiary hearing "to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." (§ 6608, subd. (g).)[8] At the hearing, the petitioner has "the burden of proof by a preponderance of the

---

[7] "A frivolous petition is one that 'indisputably has no merit.' " (*People v. McKee* (2010) 47 Cal.4th 1172, 1192 (*McKee*).) Courts will find a petition to be based on frivolous grounds when "any reasonable attorney would agree that the petition on its face and any supporting attachments [a]re totally and completely without merit." (*People v. Olsen* (2014) 229 Cal.App.4th 981, 999 (*Olsen*); *People v. Collins* (2003) 110 Cal.App.4th 340, 349 (*Collins*).)

[8] If the petitioner proves to the trial court that petitioner "would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community, the court shall order the committed person placed with an appropriate forensic conditional release program operated by the state for one year." (§ 6608, subd. (g).)

evidence, unless the report required by Section 6604.9 [the DSH annual report] determines that conditional release to a less restrictive alternative is in the best interest of the person and that conditions can be imposed that would adequately protect the community, in which case the burden of proof shall be on the state to show, by a preponderance of the evidence, that conditional release is not appropriate." (§ 6608, subd. (k).)

In the first step, "the trial court reviews the petition and any supporting attachments to determine ' "if the [petitioner]'s position has some merit on the issue of whether he or she may qualify for conditional release." ' " (*Olsen, supra*, 229 Cal.App.4th at p. 996.) The trial court also is permitted to consider the DSH's annual report (even if the report is not attached to the petition) in deciding the threshold question of frivolousness. This means that when the DSH annual report indicates the petitioner is not suitable for conditional release, "the court may consider whether the petition for conditional release makes a contrary showing." (*Ibid*.) The People may respond to the petition, although their response should "be limited to the issue of whether the face of the petition and its supporting attachments show that the petition is frivolous because any reasonable attorney would agree that the petition is completely and totally without merit." (*Id*. at p. 998.)

In deciding whether a petition warrants a hearing, "the trial court may make a limited determination of credibility and summarily deny the petition if, on the face of the petition and/or supporting evidence and any reports filed in opposition, the court determines the petition is so unworthy of belief that no reasonable trier of fact would credit it. In such a case, conducting the hearing would needlessly impose on the trial court the administrative burden the frivolousness review is meant to avoid." (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1071, fn. 8 (*LaBlanc*).)

Section 6608 further provides that if, as was the case here, a petitioner has filed a *previous* petition for conditional release without the concurrence of the DSH and the previous petition was denied on the merits (either as frivolous or because the court determined the petitioner's condition had not so changed that he or she would not be a danger to others), "the court *shall* deny the subsequent petition *unless* it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." (§ 6608, subd. (a), italics added.)

When a trial court denies a petition without a hearing, the appellate court "review[s] the facial adequacy of the petition to state a basis for relief." (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1407 (*Reynolds*).)

McCloud urges this court to review the trial court's decision independently, likening a section 6608 petition to a petition for writ of habeas corpus. He points out that when a trial court denies a habeas corpus petition without an evidentiary hearing, the appellate court reviews the decision de novo as a question of law. (E.g. *In re Stevenson* (2013) 213 Cal.App.4th 841, 857; *In re Crockett* (2008) 159 Cal.App.4th 751, 759.) We also note that when "the trial court's findings [a]re based solely upon documentary evidence, we independently review the record." (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 677.)

Respondent asserts our review is for abuse of discretion. This is the standard of review appellate courts generally apply when reviewing denials of section 6608 petitions based on frivolousness. (*E.g.*, *LaBlanc*, *supra*, 238 Cal.App.4th at p. 1071; *Olsen*, *supra*, 229 Cal.App.4th at p. 994; *Reynolds*, *supra*, 181 Cal.App.4th at p. 1408; *Collins*, *supra*, 110 Cal.App.4th at p. 349; but see *People v. Smith* (2013) 216 Cal.App.4th 947, 953 [concluding there

9

was "no substantial evidence to support a finding that appellant's petition is totally and completely without merit"].)

We need not resolve the issue, however, because under either standard, we conclude the trial court did not err.

2.    Analysis

The purpose of a hearing under section 6608 "is to determine whether the [petitioner] would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder while under supervision and treatment in the community.  [Citation.]  A petition which does not make at least a prima facie showing of this fact is not entitled to a hearing." (*Reynolds*, *supra*, 181 Cal.App.4th at p. 1410.)

Here, the excerpt of the 2019 Annual Report attached to McCloud's petition showed the DSH concluded he was not a suitable candidate for conditional release and his mental condition has not "changed in the past year such that he no longer meets the statutory definition of a Sexually Violent Predator."  McCloud's allegations did not make a contrary showing. (*Olsen*, *supra*, 229 Cal.App.4th at p. 996.)  In *Reynolds*, the Court of Appeal concluded a petition was frivolous where "the petition neither alleged, nor did it otherwise demonstrate, that [the petitioner was] no longer a sexually violent predator." (*Reynolds*, *supra*, 181 Cal.App.4th at p. 1411.)  Likewise, McCloud did not allege that he was no longer an SVP, nor did he allege facts showing he was a suitable candidate for conditional release.  Because his petition did not make a prima facie showing for relief, he was not entitled to a hearing.  (*Id*. at p. 1410.)

McCloud asserts the trial court erred in denying his petition without a hearing because "the petition set forth facts that would show he was suitable

10

for treatment in the community and that the evaluation that the court relie[d] on for its ruling was flawed." We are not persuaded. A jury found McCloud to be an SVP in 2011. In January 2018 after a multi-day evidentiary hearing, the trial court found McCloud failed to prove either that he was no longer an SVP or that he was suitable for conditional release. McCloud's current allegations about the deficiencies in the DSH evaluations, even if proved, would not show that he is no longer an SVP or that he is a suitable candidate for conditional release.[9] And the fact that McCloud has been approved by a VA liaison to enter a transitional drug and alcohol program for veterans—with no reference whatsoever to whether it offers sex offender treatment or ensures conditions to protect the community—is insufficient to show he is suitable for treatment in the community.

McCloud also claims his advanced age alone warranted a hearing. We agree with respondent, however, that McCloud's vague assertion that recidivism rates decrease among older male sex offenders is insufficient. We do not doubt that in other circumstances, allegations of "[t]he 'sheer passage of time,'" aging, and declining medical condition may be enough to warrant a hearing on whether a petitioner is suitable for conditional release. (See *LaBlanc*, *supra*, 238 Cal.App.4th at pp. 1075–1076.) But, in this case, Judge Nelson conducted a hearing with four expert witnesses, and determined McCloud was not suitable for conditional release in 2018 when McCloud was 63 years old. The mere passage of a year and a half, with no additional allegations that McCloud's condition had changed in that time, does not

_____

[9] And given that McCloud was found to meet the definition of an SVP in 2011 following a jury trial, and he failed to prove he was no longer an SVP following an evidentiary hearing in 2018, his citation to a journal article from 2006 (which concerned diagnoses of sex offenders) is insufficient to show he is entitled to another hearing on whether he meets the definition of an SVP.

11

warrant a hearing.  (See *Reynolds, supra,* 181 Cal.App.4th at pp. 1409–1411 [passage of four years since initial commitment and fact that recidivism rates drop as offenders age did not establish a prima facie basis for relief warranting a hearing].)

We further observe that the trial court denied McCloud's petition both because it was frivolous *and* because it did not contain any facts upon which a court could find that his condition had so changed that a hearing was warranted.  McCloud does not separately dispute the court's latter rationale for denying the petition.  Under any standard of review, we conclude the trial court did not err in determining McCloud's successive petition did not "contain[] facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted."  (§ 6608, subd. (a).)  As a result, the court correctly "den[ied] the subsequent petition." (*Ibid.*)

B.      *Neither Statute nor Due Process Required Appointment of Counsel or Appointment of an Expert Before the Trial Court Denied the Petition*

Next, McCloud contends the court denied him assistance of counsel and an expert in violation of his statutory and due process rights.

1.      Appointment of Counsel

Section 6608, subdivision (a), provides in part, "The person petitioning for conditional release under this subdivision shall be entitled to assistance of counsel *in all hearings* under this section."  (Italics added.)  Under the plain language of the statute, a person is not entitled to counsel until there is a hearing.  Thus, a person is not entitled to counsel to prepare a petition, and a person whose petition is denied without a hearing is not entitled to counsel. This serves the purpose of frivolousness review, which is to avoid unnecessary administrative burden.  (See *LaBlanc, supra,* 238 Cal.App.4th at

12

p. 1071, fn. 8 [frivolousness review is meant to avoid needless imposition on the trial court of administrative burden].)

Although McCloud concedes a reasonable reading of section 6608 means "the right to assistance of counsel . . . does <u>not</u> arise . . . until after the court first determines the petition is deserving of a hearing," he argues this interpretation must be rejected because it results in a violation of due process.[10] But we do not believe due process requires the appointment of counsel before the committed person has set forth facts making a prima facie case for conditional release.

We rely on case law developed in the context of petitions for postconviction relief, where courts have held due process does not require the appointment of counsel before the prisoner makes a prima facie case for relief. (*People v. Shipman* (1965) 62 Cal.2d 226, 232; *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 980–981.) In *Shipman*, the California Supreme Court observed, "Unless we make the filing of adequately detailed factual allegations stating a prima facie case a condition to appointing counsel, there would be no alternative but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction. Neither the United States Constitution nor the California Constitution compels that alternative." (*Shipman*, at p. 232.) There, a prisoner filed a petition for writ of error coram nobis, and the court held, "in

---

[10] McCloud also asserts the denial of assistance of counsel in the filing of a petition violates equal protection, but he makes no argument in support of this claim, and we deem it waived. (See *Central Valley Gas Storage, LLC v. Southam* (2017) 11 Cal.App.5th 686, 695 [" 'When a point is asserted without argument and authority for the proposition, "it is deemed to be without foundation and requires no discussion by the reviewing court" ' "].)

13

the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed . . . ." (*Id.* at pp. 229, 232.)

The same reasoning applies here. McCloud offers no authority demonstrating the state or federal constitution compels the state to appoint counsel for every committed person who seeks conditional release without the concurrence of the DSH. Therefore, in the absence of adequate factual allegations stating a prima facie case for conditional release, counsel need not be appointed.

In sum, we conclude a petitioner is not entitled to appointment of counsel under section 6608 until the trial court determines the petition warrants a hearing, and this statutory scheme does not violate due process.

### 2. Appointment of an Expert

When a hearing is required, section 6608, subdivision (g), provides, "The committed person shall have the right to the appointment of experts, if he or she so requests." McCloud acknowledges this statutory right to appointment of an expert arises "only in the context of a hearing." This means a petitioner must state a prima facie case for conditional release before section 6608 mandates the appointment of an expert.

McCloud argues this does not satisfy due process. He relies on *McKee, supra,* 47 Cal.4th 1172. At the time *McKee* was decided, section 6608 did not explicitly provide for the appointment of an expert, and the court construed the statute in conjunction with section 6605 "to mandate appointment of an expert for an indigent SVP who petitions the court for release."[11] (*Id.* at p. 1193.)

---

[11] Section 6605, which governs petitions for unconditional discharge, provides, "The court shall appoint an expert if the person is indigent and requests an appointment." (§ 6605, subd. (a)(3).) Petitions for unconditional discharge, however, differ from petitions for conditional release in that they

14

McCloud relies on the following reasoning in *McKee*: "If the state involuntarily commits someone on the basis of expert opinion about future dangerousness, places the burden on that person to disprove future dangerousness, and then makes it difficult for him to access to his own expert because of his indigence to challenge his continuing commitment, that schema would indeed raise a serious due process concern." (*McKee*, *supra*, 47 Cal.4th at p. 1192.)

As McCloud recognizes, after *McKee* was decided, section 6608 was amended to provide for the appointment of experts when a hearing is warranted. We conclude this satisfies due process under the same reasoning that applies to appointment of counsel. If there were no requirement that a committed person file a petition setting forth a prima facie case for conditional release, there would be no alternative but to require the state to appoint an expert every time a committed person seeks conditional release. We do not believe due process compels this result.

McCloud next argues that his petition should be deemed to have been made under section 6604.9, subdivision (a). As we have described, section 6604.9 requires annual examinations and reports of SVP committed to state hospitals. In this context, the statute also provides, "The [committed] person may retain or, if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person." (§ 6604.9, subd. (a).)

---

require authorization from the Director of the DSH. (See §§ 6604.9, subd. (d), 6608, subd. (m); *McKee*, *supra*, 47 Cal.4th at p. 1187 [if Department of Mental Health does not authorize a petition under section 6605, then the committed person may file for conditional release and after a year on conditional release may petition for unconditional discharge].)

15

McCloud's petition for conditional release did include a request for appointment of counsel and an expert. But there is no indication that McCloud's request for an expert was made under section 6604.9 or was related to his annual examination. We see no reason to construe the petition as something other than what it appears to be. McCloud is free to request an expert examination under section 6604.9, subdivision (a) in the future.[12]

## DISPOSITION

The order denying the petition for conditional release and request for appointment of counsel and appointment of an expert is affirmed.

---

[12] So, too, McCloud remains free in the future under section 6608 to file a petition seeking conditional release even without the concurrence of the director.

16

 

 

_____

Miller, J.

WE CONCUR:

_____

Richman, Acting P.J.

_____

Stewart, J.

A158898, *People v. McCloud*

Filed 4/13/21 after nonpublished opinion filed 3/26/21
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATEa DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br>v.<br><br>BYRON McCLOUD,<br><br>     Defendant and Appellant. | A158898<br><br>(Solano County<br>Super. Ct. No. VC31353) |

BY THE COURT:

The opinion in the above-entitled matter filed on March 26, 2021, was not certified for publication in the Official Reports. For good cause and pursuant to California Rules of Court, rule 8.1105, it now appears that the opinion should be published in the Official Reports, and it is so ordered.

Dated: _____          _____
                                                                     Richman, Acting, P.J.

Court:  Solano County Superior Court

Trial Judge:  Hon. E. Bradley Nelson

Christopher Lionel Haberman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Donna M. Provenzano and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

A158898, *People v. McCloud*