[No. E047192. Fourth Dist., Div. Two. Feb. 10, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN ARTHUR REYNOLDS, Defendant and Appellant.

## COUNSEL

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf, Kristen Kinnaird Chenelia and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RAMIREZ, P. J.**—Defendant, Steven Arthur Reynolds, a sexually violent predator (SVP) (Welf. & Inst. Code,[1] § 6600 et seq.), filed a petition for unconditional release (§ 6608), pro se, after he had been recommitted as an SVP, and while that recommitment was on appeal. The petition alleged only that (a) it has been nearly four years since his original commitment, and (b) prior to his recent recommitment proceeding, he was ready to go to trial with an expert available to testify on his behalf. Counsel was appointed. The People made a motion to dismiss the petition, and, at the hearing on the petition, defense counsel acknowledged there were no changed circumstances. The court dismissed defendant's petition without prejudice to refile when defendant's circumstances change.

On appeal, defendant argues (1) the trial court abused its discretion by failing to review defendant's petition prior to dismissing it; (2) the petition was not frivolous; and (3) defendant's counsel provided ineffective assistance by "abandoning" defendant in conceding the petition lacked merit. We affirm.[2]

### BACKGROUND

. At defendant's request, we have taken judicial notice of defendant's prior appeal, E044582. Defendant was first deemed an SVP in 2001, and was found to meet the criteria for commitment in subsequent evaluations. In March 2006, another recommitment petition was filed based on two evaluations which concluded defendant still met the criteria for commitment as an SVP.

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

[2] On February 2, 2010, we conducted a second oral argument hearing after the petition for rehearing was granted. However, we have now concluded that the petition for rehearing was improvidently granted. We reinstate the previous opinion, as modified.

On June 11, 2007, the People made a motion to retroactively apply an indeterminate term to defendant's initial commitment, which was granted on October 12, 2007. Defendant appealed that decision, and we reversed on June 4, 2009. (*People v. Taylor* (2009) 174 Cal.App.4th 920 [94 Cal.Rptr.3d 756].)

While that appeal was pending, on April 23, 2008, defendant filed a petition for unconditional release, pro se, pursuant to section 6608. The petition alleged that (1) it has been nearly four years since his initial commitment making it less likely he will reoffend, and (2) prior to the retroactive conversion of his original commitment to an indeterminate term, he had been ready to go to trial and had an expert witness available to testify on his behalf. On June 20, 2008, the People filed a petition for subsequent recommitment. Attached to the recommitment petition were the evaluations of two psychologists conducted in April 2008, who concluded that defendant still met the criteria for commitment as an SVP. On June 25, 2008, the court appointed two experts to conduct current evaluations.

On October 23, 2008, the People responded to defendant's petition for unconditional release, requesting that the petition be denied as frivolous. On October 30, 2008, the court granted the People's motion to dismiss defendant's petition for unconditional release. On November 19, 2008, defendant appealed the dismissal of his petition.

### DISCUSSION

1. *The Trial Court Did Not Abuse Its Discretion in Dismissing Defendant's Petition Where Defendant Did Not Oppose the Dismissal Motion and Conceded There Were No Changed Circumstances at the Hearing.*

Defendant argues that the dismissal of his petition for unconditional release must be reversed because the trial court did not review the petition, and it improperly considered two recent evaluations by the State Department of Mental Health (DMH) concluding defendant was still an SVP. Because defendant waived any opposition to the People's motion to dismiss the petition and conceded there were no changed circumstances, there was no error.[3]

█ A person committed as an SVP may petition for conditional release or an unconditional discharge, notwithstanding the lack of recommendation or

---

[3] We will address defendant's claim of ineffective assistance of counsel in the next separate part.

concurrence by the Director of Mental Health.[4] (§ 6608, subd. (a).) Upon receipt of such a petition without the concurrence of the director, the court "shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing." (§ 6608, subd. (a).) If the petition is not found to be frivolous, the court shall hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder. (§ 6608, subd. (d).) At the hearing, the person petitioning for release has the burden of proof by a preponderance of the evidence. (§ 6608, subd. (i); *People v. Rasmuson* (2006) 145 Cal.App.4th 1487, 1503 [52 Cal.Rptr.3d 598] (*Rasmuson*).) The court is required to hold a hearing only if the petition is not based on frivolous grounds. (*Rasmuson,* at p. 1503.)

 Where a hearing is ordered on the petition for unconditional release, the standard of review is the substantial evidence standard. (*Rasmuson, supra,* 145 Cal.App.4th at pp. 1503–1504.) We have found no cases discussing the standard of review applicable where the court dismisses the petition without a hearing. However, in any type of proceeding, the movant (or petitioner) bears the burden of alleging and showing entitlement to the relief sought. (*People v. Lopez* (1997) 52 Cal.App.4th 233, 251 [60 Cal.Rptr.2d 511]; see also *Conservatorship of Hume* (2006) 140 Cal.App.4th 1385, 1388–1389 [44 Cal.Rptr.3d 906] [a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting].) In habeas corpus proceedings, analogous in nature to a petition for release from involuntary treatment, a discretionary writ will be summarily denied without a hearing unless the petitioner meets his burden of alleging and proving the facts supporting his claim for relief. (*In re Miranda* (2008) 43 Cal.4th 541, 575 [76 Cal.Rptr.3d 172, 182 P.3d 513].)

 We therefore interpret section 6608 to require defendant to allege facts in his petition that will show he is not likely to engage in sexually violent criminal behavior due to his diagnosed mental disorder without supervision and treatment in the community, since that is the relief defendant requested. On appeal from a dismissal without a hearing, we will therefore review the facial adequacy of the petition to state a basis for relief. (See *FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508] [function of pleadings in summary judgment proceedings].)

---

[4] Section 6608, actually refers to petitions for "conditional release" or an "unconditional discharge." (§ 6608, subd. (a).) Defendant's petition was styled as a petition for "uncondi-tion[al] release pursuant to Welfare and Institution Code, section 6608." Because there do not appear to be any differences in the manner in which the petitions are treated, we simply use the nomenclature used by defendant.

██ Defendant assumes that we review the trial court's ruling for abuse of discretion. We agree. SVP proceedings are special proceedings of a civil nature. (*People v. Yartz* (2005) 37 Cal.4th 529, 535 [36 Cal.Rptr.3d 328, 123 P.3d 604].) As such, the provisions of the Code of Civil Procedure relative to mandatory dismissals have been held inapplicable. (See *People v. Evans* (2005) 132 Cal.App.4th 950, 955–956 [34 Cal.Rptr.3d 35].) However, the trial court has inherent authority under section 187 of the Code of Civil Procedure to ensure the orderly administration of justice, including the authority to dismiss an SVP petition for unreasonable prosecutorial delay. (*Evans*, at p. 957.) We interpret this to mean that a trial court may exercise its inherent authority to dismiss a defendant's petition for unconditional release.

We therefore apply the abuse of discretion standard and review the record to determine if, considering all the circumstances before it, the trial court exceeded the bounds of reason. Where there is a basis for the trial court's ruling and it is supported by the evidence, we will not substitute our opinion for that of the trial court. (*People v. Superior Court (Cheek)* (2001) 94 Cal.App.4th 980, 987 [114 Cal.Rptr.2d 760].)

In the present case, after defendant filed his pro se petition for unconditional release, he was represented by counsel. At the hearing, defendant's appointed counsel agreed defendant's circumstances had not changed in a way that would justify going forward on the petition. The record supports this conclusion. The two most recent evaluations, conducted in the same month as defendant's petition was filed, unanimously concluded defendant was yet an SVP who presented a danger to the health and safety of others. The petition did not allege any facts to the contrary.

██ It was forthright of the court to admit it had only glanced at the pleadings before dismissing the petition, but defendant did not object to the dismissal. To the contrary, he expressly agreed to a dismissal without prejudice to permit defendant to refile at a later date, once his circumstances change. A party forfeits his or her right to attack error by implicitly agreeing or acquiescing at trial to the procedure objected to on appeal. (*Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1685–1686 [12 Cal.Rptr.2d 279].) A party who requests the court to act as it did has invited error. (See *People v. Williams* (2008) 43 Cal.4th 584, 629 [75 Cal.Rptr.3d 691, 181 P.3d 1035].) Thus, unless the failure to object constitutes ineffective assistance of counsel, which we discuss in the next part, any error was forfeited.

██ Under these circumstances, it was not an abuse of discretion for the trial court to dismiss the petition after merely glancing at it, where no one requested that the court read it carefully and defense counsel conceded there was no change in defendant's circumstances such that the court might conclude defendant was no longer a danger to others.

2. *Trial Counsel Provided Effective Assistance of Counsel in Not Opposing the Motion to Dismiss Where There Were No Circumstances to Support a Conclusion Defendant's Condition Had So Changed He Would Not Be a Danger to Others.*

Possibly anticipating our resolution of the first issue, defendant argues that he was deprived of effective assistance of counsel by his attorney's agreement that the petition for unconditional release, which defendant describes as an "abandonment," should be dismissed. We disagree. To resolve this question, we must determine whether defendant's petition was nonfrivolous and entitled to a hearing, such that counsel's concession precluded a more favorable result.

█ It is well established that to demonstrate that his right to effective assistance of counsel was violated, defendant must satisfy a two-pronged test: He must show (1) performance below an objective standard of reasonableness by his attorney, and (2) prejudice sufficient to establish a reasonable probability he would have obtained a more favorable result in the absence of counsel's error. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 693–694 [80 L.Ed.2d 674, 104 S.Ct. 2052] (*Strickland*).) It is equally well established that trial counsel is not required to make frivolous or futile motions, or indulge in idle acts. (*People v. Gonzalez* (1998) 64 Cal.App.4th 432, 437, fn. 1 [75 Cal.Rptr.2d 272]; *People v Torrez* (1995) 31 Cal.App.4th 1084, 1091 [37 Cal.Rptr.2d 712]; *People v. Taylor* (1984) 162 Cal.App.3d 720, 726 [208 Cal.Rptr. 708].)

Defendant's trial counsel conceded that there were no changed circumstances that would justify going forward with defendant's petition for unconditional release. The record supports his concession: The same month in which defendant filed his petition, two psychologists employed by the DMH submitted reports in connection with the People's petition for recommitment. Both reports concluded that defendant continued to meet the criteria for an SVP, that he continued to be a danger to the public, and that he was a high risk to reoffend. Since the petition had to demonstrate defendant was not likely to reoffend (§ 6608, subd. (d)), the existence of two recent, negative reports from that very facility was fatal to any chance defendant might have had of being released.

On appeal, defendant does not claim otherwise, except to point to the facts (1) it has been four years since his initial commitment and that reoffense rates drop as offenders age; and (2) a year before he filed his petition, there was one expert who would have testified on his behalf at the 2007 hearing. Lacking any factual or legal support, the petition, on its face, was frivolous. Defendant argues he should not have to provide evidence of his current SVP

status in his petition beyond his bare assertions. Technically, this is correct, but irrespective of whether a defendant seeks "conditional release" or "unconditional discharge," the petition is subject to dismissal as a frivolous petition if it lacks factual or legal bases. In this respect, it is important to recall that the purpose of any hearing conducted by the court is to determine whether the person would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder while under supervision and treatment in the community. (§ 6608, subd. (d).) A petition which does not make at least a prima facie showing of this fact is not entitled to a hearing. The statutory scheme provides for appointment of counsel to assist the defendant in marshalling sufficient evidence to meet the burden of proof at the hearing. (§ 6608, subd. (a).) However, in this case, there was no favorable evidence to marshall.

Defendant's strongest contention was that four years had passed since his initial commitment. However, instead of attaching the opinion of an evaluator indicating that the passage of time had reduced his potential risk, or citing treatises or journals to support his position that recent research points to the positive effects of aging in reducing risk of reoffending, defendant merely refers to recent transcripts of SVP proceedings which are not before us. He also argues that the Static-99[5] overstates the risk of reoffending, but cites no authority to support this proposition. Defendant's petition was similarly devoid of support for these propositions.

 Defendant also argues that the court should have disregarded the two recent evaluations attached to the People's opposition to the petition for unconditional release. His assertion appears to be that the court's review of the petition for unconditional release was limited to a reading of the petition alone, without reference to any supporting evidence. We disagree. As in other areas of law, a pleading may be accompanied by exhibits, or may incorporate factual support by reference. (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 427, p. 562.) The SVP statute is unclear on this point, but we cannot agree with defendant's position, considering it was he who bore the burden of proof in the trial court that he should be unconditionally released. At a minimum, he was required to allege facts from which the court could conclude he would not be a danger to the health and safety of others in that it is unlikely he or she will engage in sexually violent criminal behavior due to his diagnosed mental disorder if under the supervision and treatment in the community. (§ 6608, subd. (d).) He did not do so. The passage of time and

---

[5] The Static-99 is a 10-item actuarial assessment instrument created for use with adult male sexual offenders, which is designed to estimate the probability of sexual and violent recidivism. (See *People v. Allen* (2008) 44 Cal.4th 843, 853 [80 Cal.Rptr.3d 183, 187 P.3d 1018].)

the previous availability of a single favorable witness in 2007 do not establish even a prima facie basis for relief, such as would entitle him to a hearing.

In this regard, it is significant that defendant acknowledges that the issue is whether defendant is or is not an SVP. Yet his petition neither alleged, nor did it otherwise demonstrate, that he is no longer an SVP. Thus, even if we could agree that the passage of time reduced the risk of reoffense, or that on some past occasion a witness would have testified favorably for him, defendant did not allege he was no longer an SVP, which, by his own argument, was the main issue.

In short, the petition was frivolous. The SVP Act does not define the term "frivolous," but reviewing courts have applied the definition found in Code of Civil Procedure section 128.5, subdivision (b)(2). That section defines "frivolous" to mean " 'totally and completely without merit' " or " 'for the sole purpose of harassing an opposing party.' " (*People v. Collins* (2003) 110 Cal.App.4th 340, 349–350 [1 Cal.Rptr.3d 641].) A court is not compelled to grant a hearing where there is only slight evidence to support the defendant's petition; if the defendant's position is completely without merit, a hearing should be denied regardless whether admissible evidence supports the position. (*Id.* at p. 350.) Because the petition was frivolous, counsel did not provide ineffective assistance by acknowledging the lack of changed circumstances and recommending dismissal without prejudice to allow defendant to refile in the event favorable evidence was produced in the future.

Even if counsel had argued in favor of the petition, no other result was possible, much less likely. Defendant cited no authority in the petition to support his assertion that the passage of four years from his initial commitment would justify an unconditional release. Nor did defendant provide any information in the petition about the expert who would have testified in his defense a year earlier or the subject of the expert's opinion. Nor did defendant explain whether this expert's opinion would still be favorable in light of the more current information presented in the two most recent evaluations of his condition.

Although defense counsel had the option of merely submitting on the pleadings and not arguing for dismissal, this did not constitute an abandonment of the client. We conclude that defendant's attorney made a wise tactical decision by not opposing the dismissal of the petition in the face of two recent evaluations demonstrating defendant is still an SVP at risk of reoffending. There was no reasonable probability he would have obtained a more favorable result in the absence of counsel's alleged error. (*Strickland, supra,* 466 U.S. at pp. 687–688, 693–694.)

## DISPOSITION

The judgment is affirmed.

McKinster, J., and Richli, J., concurred.

A petition for a rehearing was denied February 24, 2010.