Filed 5/26/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FRAISURE SMITH,<br><br>     Defendant and Appellant. | A155689<br><br>(Solano County<br>Super. Ct. No. FCR208822) |

     Fraisure Smith, a committed sexually violent predator (SVP), was on conditional release when he filed a petition for unconditional discharge. During the unconditional discharge proceedings, his conditional release was revoked. We conclude that a statutory requirement that an SVP must have spent at least a year on conditional release requires a committed person to have been on conditional release for at least one year when the unconditional discharge petition is filed and to remain on that status throughout the duration of the unconditional discharge proceedings. Thus, the revocation of appellant's conditional release rendered him statutorily ineligible for unconditional discharge.

BACKGROUND

     "Appellant pled no contest to assault with intent to commit rape and admitted prior conviction and prison term allegations. (Pen. Code, §§ 220, 667.5, subd.(b), 1170.12.) He was sentenced to prison. Before his release on parole in 2010, he was declared an SVP under Welfare and Institutions Code

section 6600 et seq. and was committed to Coalinga State Hospital." (*People v. Smith* (Dec. 17, 2019, A153254) [nonpub. opn.].)[1] "On December 2, 2013, the superior court granted appellant's petition for conditional release under Welfare and Institutions Code section 6608. He was released from Coalinga State Hospital on November 15, 2015, and placed in the California Conditional Release Program . . . ." (*Ibid.*)

In March 2016, appellant filed a petition for unconditional discharge. In February 2017, following an evidentiary hearing, the trial court found appellant had established probable cause that he was no longer a public safety risk. The matter was continued to allow the state to prepare an expert evaluation before a jury trial.

In May 2017, the People filed a petition to revoke appellant's conditional release status (Pen. Code, § 1609). (*People v. Smith, supra,* A153254.) In October, following a contested hearing, the trial court granted the petition and recommitted appellant as an inpatient to Coalinga State Hospital.[2] (*Ibid.*) At the October hearing, after the trial court ordered revocation, it determined appellant's unconditional discharge petition "was superseded by this hearing that resulted in [appellant's] return to Coalinga. So there's no basis for a trial [on unconditional discharge] at this point."

In April 2018, appellant filed a *Marsden*[3] motion based on his counsel's failure to pursue appellant's petition for unconditional discharge. In May,

---

[1] We grant appellant's May 30, 2019 request for judicial notice of the record in his prior appeal (No. A153254), a request the People join.

[2] The facts underlying the revocation are not relevant to this appeal. This court recently affirmed the order revoking conditional release. (*People v. Smith, supra,* A153254.)

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

following a *Marsden* hearing at which appellant withdrew his request, the trial court determined its previous ruling that appellant was no longer entitled to a trial on his unconditional discharge petition was erroneous, and appellant was in fact entitled to a jury trial. Trial was set for October.

In July 2018, the People filed a motion seeking (1) reconsideration of the finding that appellant demonstrated probable cause he was no longer a public safety risk, and (2) dismissal of appellant's unconditional discharge petition due to changed circumstances.[4] The motion argued the trial court had the inherent authority to reconsider its prior probable cause finding, and it should do so based on the trial court's finding at the revocation hearing that appellant is a danger to the health and safety of others. The motion also argued that, by statute, an SVP must be on conditional release for at least one year before petitioning for unconditional discharge and, because appellant was not currently on conditional release, he was not statutorily eligible for unconditional discharge. Appellant filed an opposition, arguing solely that the People's motion for reconsideration was untimely (citing Code Civ. Proc., § 1008) and not based on an intervening change in law.

The trial court granted the People's motion and issued the following written order: "[Appellant's] petition requesting unconditional release which was filed on March 3, 2016 is denied. The court's prior finding of probable cause on February 27, 2017 is revoked based on the court's finding [appellant] in [violation] of his conditional release on October 30, 2017. Because [appellant] no longer meets the statutory requirement under Welfare and Institutions Code 6608(m) he is not eligible to petition for unconditional release."

---

[4] The motion also addressed a separate petition by appellant for conditional release, not at issue on this appeal.

DISCUSSION

I. *Statutory Scheme*

"Under the [SVP Act (Welf. & Inst. Code § 6600 et seq.[5])], an offender who is determined to be an SVP is subject to involuntary civil commitment for an indeterminate term ' "immediately upon release from prison." ' [Citations.]  To establish that an offender is an SVP, the People must prove beyond a reasonable doubt that the offender (1) has been convicted of a sexually violent offense against at least one victim and (2) 'has a diagnosed mental disorder that makes [him or her] a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.'  (§§ 6600, subd. (a)(1), 6604.)  The SVPA is designed ' "to provide 'treatment' to mentally disordered individuals who cannot control sexually violent criminal behavior" ' and to keep them confined until they no longer pose a threat to the public.  [Citation.]  Thus, '[t]he SVPA is not punitive in purpose or effect,' and proceedings under it are ' "special proceedings of a civil nature." ' " (*People v. Putney* (2016) 1 Cal.App.5th 1058, 1065 (*Putney*).)

" '[O]nce a person is committed as an SVP, he [or she] remains in custody until he [or she] successfully bears the burden of proving he [or she] is no longer an SVP'—through a petition for unconditional discharge under section 6605 or conditional release under section 6608—'or the [Department of State Hospitals] determines he [or she] no longer meets the definition of an SVP.' " (*Putney, supra,* 1 Cal.App.5th at p. 1066.)  The procedure to petition for conditional release is not relevant to this appeal.

---

[5] All undesignated section references are to the Welfare and Institutions Code.

With respect to unconditional discharge, section 6608, subdivision (m) (hereafter, section 6608(m)) provides: "After a minimum of one year on conditional release, the committed person, with or without the recommendation or concurrence of the Director of State Hospitals, may petition the court for unconditional discharge. The court shall use the procedures described in subdivisions (a) and (b) of Section 6605 to determine if the person should be unconditionally discharged from commitment on the basis that, by reason of a diagnosed mental disorder, he or she is no longer a danger to the health and safety of others in that it is not likely that he or she will engage in sexually violent criminal behavior."

Section 6605, subdivision (a), provides that, when a court receives a petition for unconditional discharge, it holds a hearing to determine whether "probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged . . . ." (§ 6605, subd. (a)(1)–(2); see also *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 252 ["a determination of probable cause by a superior court judge under the SVPA entails a decision whether a reasonable person could entertain a strong suspicion" of the relevant finding (italics omitted)].) If the court finds such probable cause exists, the matter proceeds to a court or jury trial. (§ 6605, subd. (a)(2)–(3).) "If the court or jury rules for the committed person, he or she shall be unconditionally released and unconditionally discharged." (§ 6605, subd. (b).)

II. *The Denial of Appellant's Unconditional Discharge Petition*

Appellant contends (1) the trial court improperly granted reconsideration of its prior probable cause finding, and (2) the revocation of appellant's conditional release did not impact his right to a jury trial on his

unconditional release petition. We disagree with the second contention and find it unnecessary to decide the first.

A. *Effect of the Order Revoking Appellant's Conditional Release*

The parties dispute whether the revocation of appellant's conditional release—resulting in his recommitment to a state hospital—rendered him statutorily ineligible for unconditional discharge. Appellant argues that section 6608(m) only requires that he have spent at least a year on conditional release at the time his unconditional discharge petition was filed, and it is therefore immaterial that his conditional release was subsequently revoked. The People contend section 6608(m)'s requirement applies throughout the unconditional discharge proceedings, such that if conditional release is revoked during this time, the unconditional discharge petition must be dismissed or denied.

" 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] The well-established rules for performing this task require us to begin by examining the statutory language, giving it a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language in isolation; rather, we look to the statute's entire substance in order to determine its scope and purposes. [Citation.] That is, we construe the words in question in context, keeping in mind the statute's nature and obvious purposes. [Citation.] We must harmonize the statute's various parts by considering it in the context of the statutory framework as a whole." (*Los Angeles County Metropolitan Transportation Authority v. Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1106–1107.)

Section 6608(m) provides, "After a minimum of one year on conditional release, the committed person . . . may petition the court for unconditional

discharge." Appellant's construction—that the one-year waiting period only applies at the time the petition is filed—is inconsistent with the established purpose of the SVP Act as a whole and the obvious purpose of section 6608(m). The "primary purpose [of the SVP Act] is to protect the public from 'a small but extremely dangerous group of sexually violent predators that have diagnosable mental disorders [that] can be identified while they are incarcerated.' " (*People v. Hurtado* (2002) 28 Cal.4th 1179, 1192.) A requirement that a committed person wait one year following commitment before petitioning for *conditional release* (§ 6608, subd. (f)) has been held to "further the compelling state interest in providing treatment to SVP's and protecting the public . . . ." (*People v. Bocklett* (2018) 22 Cal.App.5th 879, 899.)

The obvious purpose of section 6608(m) is similar. The Legislature determined that, before SVPs are unconditionally discharged on their own petitions, they must spend at least a year on conditional release, with "the consequent supervision and compulsory treatment [they] will receive through the conditional release program." (*People v. Superior Court (George)* (2008) 164 Cal.App.4th 183, 198.) This protects the public by requiring SVPs demonstrate the ability to spend a year in the community before being discharged, and by ensuring that the transition to the community is facilitated by a period of supervision. Revocation of conditional release—even after a year has passed—is indicative of a public safety risk because the person was unable to maintain conditional release status.[6] Further, to allow

---

[6] As appellant notes, the state's burden is lower in revocation proceedings than it is in unconditional discharge trials. In the former, the state must prove by a preponderance of the evidence that "the person is a danger to the health and safety of others" (Pen. Code, § 1609) or "requires

an SVP to petition for unconditional discharge following revocation could result in the person being directly released from the hospital to the community without an interim period of supervision immediately prior to the release. Thus, to find section 6608(m) satisfied if the committed person spent a year on conditional release before filing an unconditional discharge petition, despite a subsequent revocation of conditional release, would be contrary to the legislative intent of the SVP Act and section 6608(m).

Appellant relies on *Gray v. Superior Court* (2002) 95 Cal.App.4th 322 (*Gray*), which addressed whether the state's petition to commit Gray as an SVP should be dismissed. The relevant statute provided that, before such a petition could be filed, two experts must concur that the person meets the criteria for SVP commitment; if the first pair of experts do not so concur, a petition may be filed only if a second pair of experts does. (*Id.* at pp. 325, 327.) A separate statute provided that the state may request updated evaluations if " 'necessary in order to properly present the case for commitment,' " and if the updated evaluations result in a split opinion, two

---

extended inpatient treatment or refuses to accept further outpatient treatment and supervision" (Pen. Code, § 1608). (See § 6608, subd. (h) ["The procedures described in Sections 1605 to 1610, inclusive, of the Penal Code shall apply to the person placed in the forensic conditional release program."]; *People v. DeGuzman* (1995) 33 Cal.App.4th 414, 419 [preponderance of the evidence standard applies in Pen. Code, §§ 1608 & 1609 revocation proceedings].) In contrast, in an unconditional discharge trial, "[t]he burden of proof . . . shall be on the state to prove beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged." (§ 6605, subd. (a)(3).) Appellant suggests our construction of section 6608(m) would enable the state to "duck its burden under section 6605 and avoid trial simply by pursuing a motion to revoke outpatient status." We decline to assume the state will abuse the statutory scheme in this manner.

additional evaluations shall be performed. (*Id.* at pp. 325–326 & fn. 9.) In *Gray,* the initial evaluators concurred and the petition was filed. (*Id.* at p. 324.) After a years-long delay in the proceedings, the People sought updated evaluations; successive pairs of evaluations were all split. (*Ibid.*) Gray argued the petition should be dismissed because the updated evaluations failed to produce a pair of concurring evaluations. (*Id.* at pp. 324–325.) The Court of Appeal disagreed, reasoning that the petition "was properly supported by two concurring initial evaluations" when filed, and declining to construe the relevant statutes to require dismissal if updated evaluations did not result in a pair of concurrences. (*Id.* at pp. 325–329.) The court relied in part on statutory language providing: " '[A] petition to request commitment under this article shall only be filed if both independent professionals who evaluate the person . . . concur that the person meets the criteria for commitment . . . .' " (*Id.* at p. 327 [quoting § 6601, subd. (f)].) As the court held, "[t]o say that a petition may not be filed unless certain conditions are met is not the same as to say that proceedings 'may not go forward' if those conditions cease to exist." (*Id.* at p. 328.)

*Gray* is distinguishable. Most significantly, the statutory language at issue here is materially different from that in *Gray.* The statute in *Gray* provided that " '[a] petition to request commitment under this article *shall only be filed if* '" the pertinent requirement was met. (*Gray, supra,* 95 Cal.App.4th at p. 327, italics added.) This statute uses "petition" as a noun, referring to a pleading, and provides the requirement must be satisfied before the petition can "be filed," suggesting that once the petition is filed, any

9

changed circumstances regarding the requirement are immaterial.[7]  Section 6608(m), in contrast, provides that "the committed person . . . *may petition the court* for unconditional discharge" after the pertinent requirement—at least one year on conditional release—is met.  (§ 6608(m), italics added.)  Section 6608(m) thus uses "petition" as a verb and does not mention filing, indicating "petition" refers not to a pleading that is filed with the court, but instead to the entire process of seeking relief from the court.  (See *San Diego County Water Authority v. Metropolitan Water Dist. of Southern California* (2017) 12 Cal.App.5th 1124, 1160 ["The right to petition includes the right to seek judicial relief."].)  Moreover, as discussed above and in contrast to *Gray*, the statutory purpose of the SVP Act and section 6608(m) would not be served by adopting appellant's construction of section 6608(m).

Accordingly, we conclude that section 6608(m) requires a committed person to have been on conditional release for at least one year when the unconditional discharge petition is filed and to remain on that status throughout the duration of the unconditional discharge proceedings.[8]  Therefore, the revocation of appellant's conditional release, resulting in his

---

[7] Ironically, if we were to construe section 6608(m) as appellant urges, his petition should have been dismissed:  appellant had *not* spent a year on conditional release at the time his unconditional discharge petition was filed.  However, the trial court continued proceedings on the petition and, at the time of the probable cause hearing, the one-year threshold was met.

[8] The year on conditional release must be a continuous period.  In other words, if a committed person spends six months on conditional release before having conditional release revoked, and then subsequently regains conditional release status, he or she would not be eligible to petition for unconditional discharge after a second nonconsecutive six month period; instead, he or she would have to wait until spending one continuous year on conditional release.

commitment to a state hospital, rendered him statutorily ineligible to pursue unconditional discharge.

B.  *Reconsideration of the Probable Cause Finding*

The parties dispute whether the trial court improperly granted reconsideration of its prior probable cause finding, either pursuant to Code of Civil Procedure section 1008 or the court's inherent authority.  We need not decide the issue.[9]

Both parties suggest that the revocation of appellant's conditional release could impact the court's probable cause finding.  Under the SVP Act, the requirement that the SVP establish probable cause that they are no longer a danger to others (§ 6605, subd. (a)(2)) is separate and distinct from the requirement that the person have been on conditional release for at least a year (§ 6608(m)).  Both are necessary when a committed person petitions for unconditional discharge.[10]  In other words, a committed person could establish probable cause that he or she is not a danger to others, but still be ineligible to petition for unconditional discharge because he or she had not been on conditional release for one year.

---

[9] We note that appellant provides no analysis supporting his assertion that Code of Civil Procedure section 1008 applies in SVP proceedings.  (See *People v. Evans* (2005) 132 Cal.App.4th 950, 956 ["Part 2 of the Code of Civil Procedure generally does not extend to special proceedings unless the statutes establishing such proceedings expressly incorporate the provisions of Part 2.  [Citations.]  SVP civil commitment proceedings are special proceedings, not actions.  [Citations.]  The SVPA does not incorporate provisions of Part 2 of the Code of Civil Procedure and therefore they do not apply."].)

[10] Different requirements and procedures apply when the unconditional discharge is sought by the State Department of State Hospitals.  (See § 6605, subd. (c).)

11

To the extent appellant argues that, once a trial court finds probable cause for purposes of an unconditional discharge petition, it lacks the authority to deny or dismiss the petition without holding a trial, we disagree. A trial court presiding over an SVP proceeding "has inherent authority under section 187 of the Code of Civil Procedure to ensure the orderly administration of justice, including the authority to dismiss an SVP petition for unreasonable prosecutorial delay. [Citation.] We interpret this to mean that a trial court may exercise its inherent authority to dismiss a defendant's petition for unconditional release." (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408.)

Accordingly, even assuming the trial court's reconsideration of its probable cause finding was improper, the court's order denying appellant's petition can be affirmed on the alternative ground that appellant failed to satisfy the statutory requirement of being on conditional release for one year. We need not, and do not, decide whether the reconsideration was in fact improper.

III. *Ineffective Assistance of Counsel*

Appellant contends his trial counsel rendered ineffective assistance by failing to press for a jury trial on appellant's unconditional release petition *before* the revocation hearing. " ' "In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.] . . . Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel." ' " (*People v. Brown* (2014) 59 Cal.4th 86, 109.)

We need not decide whether counsel's representation was deficient because appellant has failed to demonstrate prejudice from any deficient performance.  As appellant notes, he personally asked the trial court about the unconditional discharge trial at an August 2017 *Marsden* hearing.  The trial court responded that it was "usurped by their taking you back into custody. . . .  [O]nce they've taken you back into custody, then that has priority . . . ."  Appellant faults his counsel for not "challeng[ing] the court's assertion," but suggests no argument that trial counsel might have used to change the court's mind.  Absent any indication that a challenge by trial counsel to the trial court's decision to hold the revocation hearing before the unconditional discharge trial would have had a reasonable probability of success, appellant has failed to demonstrate prejudice from counsel's conduct.

DISPOSITION

The order denying appellant's petition for unconditional discharge is affirmed.

_____
                        SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BURNS, J.

*People v. Smith* / A155689

14

A155689 / People v. Smith

Trial Court:  Superior Court of Solano County

Trial Judge: Honorable Arvid Johnson

Counsel:  Jean F. Matulis, By Appointment of the First District Court of Appeal under the First District Appellate Project, for Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Bruce M. Slavin, Deputy Attorney General, and Karen Z. Bovarnick, Deputy Attorney General.