Filed 11/4/20  P. v. Christianson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E071154 |
| v. | (Super.Ct.No. SWF1700489) |
| PHILLIP EDWARD CHRISTIANSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge.

(Retired judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI,

§ 6 of the Cal. Const.).  Affirmed.

Darryl Exum, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Tami

Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

Defendant and appellant, Phillip Edward Christianson, appeals from the judgment entered following jury convictions for continuous sexual abuse of a child under 14 years old (Pen. Code, § 288.5[1]; count 1); lewd act on a child 14 or 15 years old (§ 288, subd. (c)(1); count 2); sexual penetration of an unconscious person (§ 289, subd. (d); count 3); lewd act on a child under 14 years old (§ 288, subd. (a); count 4); oral copulation of a child under 14 years old (§ 288a, subd. (c)(1); count 5); digital penetration by force on a minor (§ 289, subd. (a)(1)(C); count 6), and possession of child pornography (§ 311.1, subd (a); count 7). The jury also found true allegations as to counts 1, 4, and 6, that defendant committed a qualifying sex offense against more than one victim (§ 667.61, subd. (e)(4).) The court sentenced defendant to an indeterminate term of 65 years to life in prison, plus a determinate prison term of seven years, four months.

Defendant contends there was insufficient evidence to support his conviction for continuous sexual abuse of a child under 14 years old (count 1). Defendant argues that, a reversal of the count 1 conviction would result in there being insufficient evidence to support the multiple victim special finding as to counts 1, 4, and 6 (§ 667.61, subd. (e)(4).) Defendant also contends the trial court abused its discretion by precluding defendant from showing his fingers to the jury instead of a picture of his fingers. We conclude there was sufficient evidence to support count 1 and no abuse of discretion in

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

precluding defendant from showing the jury his fingers during the trial. We therefore affirm the judgment.

## II.

## FACTS

Jane Doe 1 (Doe 1) first met defendant when she was seven years old, and defendant and Doe 1's mother (Mother) were dating. Defendant met Mother in 2008, and started dating her in February 2009. Defendant and Mother moved in together in October 2009, and married in September 2013. Mother had three daughters, Doe 1 (born in 2000), Jane Doe 2 (Doe 2) (born in 2001), and K., the youngest. Defendant and Mother had a daughter, A., born in 2010. They all lived together.

Doe 1 testified that defendant first molested her on the day of her fifth grade promotion in 2011. Doe 1 was 11 years old. Mother did not go to the promotion ceremony because she was working. After the promotion ceremony, defendant took Doe 1 and A. to McDonald's to pick up food. They then went home to defendant's bedroom. Defendant told Doe 1 to lie down on defendant's bed. After Doe 1 complied, defendant removed Doe 1's clothes, digitally penetrated Doe 1's vagina, and rubbed lotion on her body. Doe 1 wanted defendant to stop but did not tell him because she did not understand what was happening. Eventually, defendant put Doe 1's clothes back on and left the room.

Doe 1 recalled another instance of defendant molesting her shortly after the first incident. She was in the fifth or sixth grade. Defendant kept her home from school and

3

sexually abused her in the same way he had done so on the day of her fifth grade promotion. Doe 1 recalled that afterwards they went to a car dealership to have the car serviced.

Doe 1 further testified defendant abused her in a similar manner, as described above, multiple times when she was 12 years old and in the sixth grade. Defendant continued to commit these same acts against Doe 1 when she was in seventh grade, but not as frequently. Defendant also put his mouth on her "vagina."[2] When Doe 1 was in the seventh grade, defendant molested her about once a month, but not 12 times. Doe 1 did not know exactly how many times it happened. She testified it happened at least three times when she was in the seventh grade. Defendant often molested Doe 1 before school, when Mother was at work. Around when Doe 1 turned 14 years old, defendant stopped molesting her.

Doe 1 remembered defendant taking nude photos of her when she was 11 and 12 years old. In July 2017, a sheriff's department forensic investigator found child pornography on defendant's computer. The photos included nude pictures of Doe 1 taken over a period of about one year. One of the photos of Doe 1 showed Doe 1 holding her baby sister's hand, while lying on defendant's bed. Mother testified that the photo showed defendant's finger on Doe 1's private part. A forensic investigator testified

---

[2] Doe 1 probably meant defendant put his mouth on her genital area since the vagina is an internal organ, defined as "a canal that leads from the uterus of a female mammal to the external orifice of the genital canal." (Webster's 3d New Internat. Dict. (1993) at p. 2528.)

4

defendant stored the child pornography on his computer and emailed it to others. His computer also revealed defendant had an internet search history that included teenage pornography websites.

Doe 1 testified she recalled an instance in which defendant molested her in his bedroom. This was before she had turned 14 years old. Defendant told her that they "don't spend enough time together." Then defendant molested her by removing her clothes and digitally penetrating her vagina. He was rougher than usual. He used multiple fingers, and the penetrations lasted longer than in the past.

In June 2017, Doe 1, who was 17 years old, awoke to defendant inserting his fingers in her vagina. Doe 1 testified defendant had not done this to her for several years. Doe 1 told her boyfriend about the incident on July 10, 2017. Then, about an hour after telling her boyfriend, she also confronted defendant in Mother's presence that same day. Afterwards, Doe 2, who overheard Doe 1, told Doe 1 defendant had also molested her.

Doe 2 testified that when she was 13 years old, defendant entered her bedroom, showed her a video game, pulled down her pants, and digitally penetrated her vagina. When she was 14 years old and watching a movie on the couch with defendant, defendant touched her breasts under her shirt. Defendant again touched her breasts under her shirt, while she was on her bed, when she was 15 years old.

Defendant's mother testified she did not recognize the finger on Doe 1's pelvic area in the photo found on defendant's computer. Defendant testified he did not sexually abuse his stepdaughters and did not take nude photos of them. Defendant further testified

Does 1 and 2 fabricated their accusations against him because they were mad at him. Defendant also denied that the fingers in the photo of Doe 1 were his. Defendant further explained that he bought the computer from a co-worker in 2010. Everyone in his home had access to the computer. Defendant claimed someone twittered the three child porn photos to him. He saved the photos to his computer and notified twitter. Defendant said he then deleted the photos from his desktop but not from the download folder. Defendant denied loading child pornography onto his computer or going on child pornographic websites.

## III.

## SUFFICIENCY OF EVIDENCE

Defendant contends there was insufficient evidence to support his count 1 conviction for continuous sexual abuse of a child under 14 years old (Pen. Code, § 288.5). Specifically, defendant argues there was insufficient evidence that defendant committed at least three acts of lewd acts against Doe 1 when she was under the age of 14 years.

"In assessing the sufficiency of the evidence, we review the entire record to determine whether any rational trier of fact could have found [the] defendant guilty beyond a reasonable doubt. [Citation.] 'The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] In applying this test, we review the evidence in the light most favorable to the

6

verdict and presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. [Citation.] The same standard applies where the conviction rests primarily on circumstantial evidence. [Citation.] We may not reweigh the evidence or resolve evidentiary conflicts. [Citation.] The testimony of a single witness can be sufficient to uphold a conviction—even when there is significant countervailing evidence, or the testimony is subject to justifiable suspicion. [Citation.] Accordingly, we may not reverse for insufficient evidence unless it appears '"that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]."' [Citation.]" (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1157-1158.)

A conviction for continuous sexual abuse of a child under 14 years old (§ 288.5) requires proof of the following elements:

"1. The defendant lived with *or* had recurring access to a child;

"2. The defendant engaged in three or more acts of substantial sexual conduct *or* lewd or lascivious conduct with the child;

"3. Three or more months passed between the first and last acts; and

"4. The child was younger than 14 years old at the time of the acts." (*People v. Valenti*, *supra*, 243 Cal.App.4th at p. 1158.)

The prosecution is not required to "'prove the exact dates of the predicate sexual offenses in order to satisfy the three-month element. Rather, it must adduce sufficient evidence to support a reasonable inference that at least three months elapsed between the first and last sexual acts. Generic testimony is certainly capable of satisfying that

7

requirement . . . [but] "the victim must be able to describe *the general time period* in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us'), to assure the acts were committed within the applicable limitation period." [Citations.] That is, while generic testimony may suffice, it cannot be so vague that the trier of fact can only speculate as to whether the statutory elements have been satisfied.' [Citation.]" (*People v. Valenti*, *supra*, 243 Cal.App.4th at p. 1158.)

Defendant was charged with continuous sexual abuse of Doe 1 between February 2011 and February 17, 2014. Defendant argues Doe 1's testimony was insufficient because it was generic testimony, which under *People v. Jones* (1990) 51 Cal.3d 294, 316 (*Jones*), was inadequate to support defendant's conviction. The court in *Jones*, stated regarding generic testimony: "Does the victim's failure to specify precise date, time, place or circumstance render generic testimony insufficient? Clearly not. As many of the cases make clear, the particular details surrounding a child molestation charge are not elements of the offense and are unnecessary to sustain a conviction." (*Ibid.*)

The *Jones* court further stated that the victim's testimony must "describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g. lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we

8

went camping'). Finally, the victim must be able to describe *the general time period* in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us') to assure the acts were committed within the applicable limitation period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction." (*Jones*, *supra*, 51 Cal.3d at p. 316.)

Doe 1's testimony was sufficient to meet the *Jones* requirements. Her testimony (1) described the kind of acts committed with sufficient specificity, (2) described the number of acts committed with sufficient certainty to support a count 1 conviction, and (3) described the general time period in which the acts occurred. (*Jones*, *supra*, 51 Cal.3d at p. 316.) Defendant argues Doe 1's testimony fails to meet these requirements because she testified she was uncertain and did not remember certain details. Defendant asserts that her testimony was at times very vague and contradictory as to whether the predicate acts of abuse occurred before she was 14 years old. But defendant's arguments concern the weight of the evidence, not the sufficiency of the evidence. In effect, defendant is urging this court to reweigh the evidence, which would invade the jury's province. "We may not reweigh the evidence or resolve evidentiary conflicts." (*People v. Valenti*, *supra*, 243 Cal.App.4th at p. 1157.)

Doe 1's testimony sufficiently described at least three predicate acts supporting defendant's count 1 conviction. She stated defendant molested her on the day of her fifth

9

grade promotion in 2011, when she was 11 years old. Doe 1 described defendant's acts in sufficient detail. Doe 1 also recalled a second predicate act in which defendant molested her shortly after the first incident, when she was in the fifth or sixth grade. Doe 1 testified that defendant kept her home from school and sexually abused her in the same way he had done so on the day of her fifth grade promotion. Afterwards, they went to a car dealership to have the car serviced.

Doe 1 recalled another specific predicate act in which defendant molested her in his bedroom, when she had not yet turned 14 years old. Defendant told her that they "don't spend enough time together." Then defendant removed Doe 1's clothes and digitally penetrated her vagina. Doe 1 recalled he was rougher than usual, he used multiple fingers, and the penetrations lasted longer than in the past.

Doe 1 further testified that defendant abused her in a similar manner multiple times when she was 12 years old and in the sixth grade. Defendant continued to commit these same acts against Doe 1 when she was in seventh grade. In addition, he put his mouth on her genital area.

Defendant also took nude photos of her when she was 11 and 12 years old. Doe 1 testified that one of the photos showed Doe 1 lying on defendant's bed while holding her baby sister's hand, and defendant's finger was on her private part. Mother testified that she was certain the finger shown in the photo on Doe 1's genitalia was defendant's finger.

There was also substantial evidence the predicate acts occurred within the time period required under section 288.5. Section 288.5 requires that three or more months must pass between the first and the last predicate act, during which the victim must be younger than 14 years old at the time of the acts. Doe 1 testified defendant committed the first predicate act at the end of the fifth grade, when she was 11 years old. The next predicate act Doe 1 described occurred shortly after the first incident, when Doe 1 was in fifth or sixth grade. Doe 1 testified defendant continued to molest her in the same way numerous times when she was in the sixth and seventh grades. In addition, defendant took nude photos of her when she was 11 and 12 years old. Doe 1 also described a specific predicate act that occurred before she turned 14 years old.

We conclude there was more than sufficient evidence establishing that defendant committed at least 3 predicate acts against Doe 1 when she was under the age of 14, over a period of at least three months. We also reject defendant's contention the multiple victim special finding (§ 667.61, subd. (e)(4)) must be set aside if this court reverses his count 1 conviction based on insufficient evidence. Because we conclude there was sufficient evidence to support the count 1 conviction involving Doe 1, and we affirm defendant's other convictions involving Doe 2, the multiple victim special finding (§ 667.61, subd. (e)(4)) is proper.

11

IV.

JURY VIEWING DEFENDANT'S FINGERS

Defendant contends the trial court abused its discretion by precluding the defendant from showing the jury his fingers. One of the disputed issues of fact was whether a nude photo of Doe 1 (exhibit 1) showed defendant's finger on or near Doe 1's genitalia. Doe 1 testified defendant took the photo of her when she was lying on defendant's bed, with her shirt pulled up to her neck, while she was holding her baby sister's hand. Doe 1 further stated that the bottom of the photo showed defendant's fingers in the area of her genitalia. Mother testified that she was certain the finger shown in the photo was defendant's finger.

Defendant contends the fingers shown in the exhibit 1 photo are not his. Before defendant testified, defendant's attorney requested the trial court to allow defendant to "walk in front of the jurors and show them his fingers so that . . . they can ascertain whether they are the same as the fingers in the photo or different." The court asked when the photo was taken. The prosecutor stated it was taken in 2011, which was seven years before the trial. The courtroom deputy (bailiff) interjected: "Judge, I don't know if it matters. I don't want him walking around freely in this courtroom. So I would say no to that from a security standpoint. [¶] We can put his hand on the ELMO [3] and freeze the

---

[3] "ELMO" refers to an ELMO brand document camera and projection system, which allows projection of documents and other objects onto a screen for viewing by the court. (See *People v. Williams* (2017) 7 Cal.App.5th 644, 684-685, fn. 7.)

12

screen and we'll take a picture. And you can use that picture how you want to use it of his hand, if you want."

Defense counsel responded, "We can experiment with that. Is it on?" In response, the bailiff said, "If you freeze that, it will keep that there. And then I can just make it black until you wanted to use it." Defense counsel said, "Okay." The bailiff added, "But I never would allow an inmate to just walk around the courtroom." Defense counsel said, "I understand. Could we do that, You Honor?" The court agreed to adopt the bailiff's suggestion. The prosecutor objected to showing defendant's fingers to the jury but, after the court stated it would allow the bailiff's suggestion, the prosecutor requested that the position of the fingers on the ELMO mirror those in the photo, to avoid any prejudice. Defense counsel responded, "That makes sense. We can just show the top parts of the fingers of both hands. I don't know what hand is in the photo. I don't know if it's possible to tell. [¶] We can do that." After it was determined that the right hand was in the photo, defense counsel said, "Okay."

During defendant's testimony, defendant denied that the fingers in the exhibit 1 photo were his fingers. Defense counsel then showed the jury the ELMO photo of defendant's hand. Defendant acknowledged the ELMO photo of his hand had been taken earlier that day. Defendant noted in his testimony the differences between the fingers in the exhibit 1 photo and his fingers shown in the ELMO photo.

Defendant contends the trial court's refusal to allow him to show the jury his actual fingers, instead of a photo of his fingers, violated his right to due process by

13

precluding him from presenting the best evidence of what his fingers looked like. Defendant further asserts the trial court improperly abdicated its responsibility to determine courtroom security to the bailiff. We conclude defendant forfeited his objection to not being permitted to approach the jury and show them his fingers. After the bailiff informed the trial court it was not advisable to do so because of security concerns, defense counsel indicated that the bailiff's suggestion, of taking a photo of defendant's hand and showing it to the jury on an ELMO visualizer, was acceptable. Defense counsel did not object to this alternative method of showing his fingers to the jury. (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408 ["A party forfeits his or her right to attack error by implicitly agreeing or acquiescing at trial to the procedure objected to on appeal."].) Here, defense counsel acquiesced to the bailiff's suggestion and therefore forfeited any objection on appeal to the court proceeding with the alternative approach of showing the jury defendant's fingers by using the ELMO visualizer.

In addition, the trial court did not abuse its discretion by not agreeing to defense counsel's initial request to allow defendant to approach the jurors to show them his fingers. After the bailiff noted the security risk and suggested a reasonable alternative, the trial court exercised its authority and duty to control the courtroom proceedings by adopting the bailiff's recommended safer alternative. Doing so, was in accordance with the trial judge's duty "to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters,

14

with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." (§ 1044; see *People v. Engram* (2010) 50 Cal.4th 1131, 1146 ["a court has both the inherent authority and responsibility to fairly and efficiently administer all of the judicial proceedings that are pending before it"].) Defense counsel embraced the bailiff's suggested alternative method of showing the jury defendant's fingers, and there is no showing of prejudice.

## VII.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

RAPHAEL

J.