Filed 5/27/25  P. v. Wilson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DERREL LESTER WILSON,<br><br>　　　Defendant and Appellant. | B336471<br><br>(Los Angeles County<br>Super. Ct. No. BA143106) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

　　　S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.

In 1997, Derrel Wilson was convicted of a crime and sentenced under the "Three Strikes" law. The sentencing court also imposed one-year prison priors under Penal Code[1] section 667.5, subdivision (b). After the enactment of section 1172.75, which invalidated most one-year prison priors, Wilson was resentenced under that section. The trial court struck some of his prison priors and reimposed the three strikes sentence. Wilson appeals and contends that the trial court failed to consider its discretion to dismiss his strikes under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). We disagree and affirm the order.

## BACKGROUND

In 1997, a jury convicted Wilson of felony unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)). The court then found that Wilson had four priors under section 667.5, subdivision (b) and prior convictions within the meaning of the Three Strikes law. That same year, the court sentenced Wilson to a third strike sentence of 25 years to life plus four years for each of the section 667.5, subdivision (b), one-year priors.

In 2023, the Department of Corrections and Rehabilitation identified Wilson as eligible for resentencing. The trial court scheduled a hearing.

Before the hearing, Wilson's counsel submitted a brief asking that Wilson's four 1-year priors be dismissed under section 1172.75, for a full resentencing, and that he be resentenced as a second striker. In the brief, counsel declared that Wilson was not seeking relief under Proposition 36, The

---

[1]     All further undesignated statutory references are to the Penal Code.

Three Strikes Reform Act.[2]  Instead, Wilson was arguing that his prior serious or violent felonies were not pled or proven.

On January 12, 2024, the trial court held a resentencing hearing.  The trial court first found that Wilson was ineligible for relief under the Three Strikes Reform Act because he had prior convictions for sexually violent offenses, namely, assault with intent to commit rape in violation of section 220 and for rape in violation of former section 261, subdivision (2).  Second, the trial court struck three of Wilson's one-year prison priors, but it did not strike the fourth prior prison term imposed for the two convictions of sexually violent offenses.  The trial court reimposed the three strikes sentence of 25 years to life and imposed one year for the prior prison term it did not strike.

## DISCUSSION

Wilson appears to contend that the trial court deprived him of a full resentencing hearing because it failed to exercise its discretion under section 1385 and *Romero* to strike his prior sex offenses.  As we now explain, the contention is meritless.

In 2021, our California Legislature passed Senate Bill No. 483, which added what is now section 1172.75.  (Stats. 2021, ch. 728, § 3.)  Section 1172.75 declared legally invalid one-year enhancements for a prior prison term imposed under section 667.5, subdivision (b), except when the prior prison term was for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  If a judgment includes a qualifying enhancement, the trial court shall recall the sentence and resentence the defendant.  (§ 1172.75, subd. (c).)  Further,

---

[2]     Wilson does not raise any issue on appeal under that act, and therefore we do not address it.

3

the resentencing court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

In accordance with section 1172.75, the trial court correctly struck three of Wilson's one-year priors that had been imposed under section 667.5, subdivision (b). But it also correctly did not strike the one-year term imposed for Wilson's prior convictions of sexually violent offenses, because they are expressly excluded from section 1172.75's ambit. (See *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1101–1102 [rape conviction in violation of former § 261, subd. (2) is a sexually violent offense under Welf. & Inst. Code, § 6600, subd. (b)].) And Wilson does not appear to argue that he was entitled to have it stricken under subdivision (a) of section 1172.75.

Instead, Wilson appears to argue that the trial court should have considered whether to dismiss his prior strike convictions for sexually violent offenses under section 1385 and *Romero*, *supra*, 13 Cal.4th 497. Section 1385, subdivision (a), permits a judge, "in furtherance of justice," to dismiss an action. Similarly, *Romero*, at pages 529 to 530, held that section 1385 permits a court to strike prior felony conviction allegations in three strikes cases. (See also *People v. Williams* (1998) 17 Cal.4th 148, 151 [power to dismiss action under § 1385, subd. (a), includes power to strike allegations and vacate findings relevant to sentencing, such as defendant's prior felony convictions].) At a resentencing hearing under section 1172.75, a trial court may exercise its power under section 1385, subdivision (a), and *Romero* to dismiss a prior strike. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361–364.)

4

Here, Wilson both forfeited any issue under section 1385 and *Romero* and invited any trial court error in failing to exercise discretion under that authority. A defendant may not raise for the first time on appeal any complaints about how the trial court exercised its sentencing discretion. (*People v. Scott* (1994) 9 Cal.4th 331, 356; see also *People v. Wall* (2017) 3 Cal.5th 1048, 1075 [absent objection below, defendant forfeits claims involving trial court's failure to properly make discretionary sentencing choices].) In the trial court below, Wilson never raised section 1385 or *Romero* and never asked that his prior convictions be stricken under that authority. The issue is therefore forfeited on appeal.

Moreover, Wilson invited any error. The invited error doctrine prevents an accused from obtaining reversal on appeal because of an error the trial court made at the accused's request. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.) A party forfeits the "right to attack error by implicitly agreeing or acquiescing at trial to the procedure objected to on appeal." (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408.) In his resentencing brief below, Wilson told the trial court that he was not asking for discretionary relief under section 1385 and *Romero* and instead was asking to be resentenced as a matter of law under his interpretation of section 1172.75. Wilson said that if his request to be resentenced as a second striker was denied under his interpretation of section 1172.75, then he "reserve[d] the right to invoke 'discretionary' resentencing." Nothing in the record shows that Wilson invoked that reservation of rights by, for example, asking for discretionary sentencing under section 1385 and *Romero*. Therefore, Wilson cannot now complain on appeal that the trial court failed to exercise its discretion under

5

that authority when Wilson asked the trial court not to do so.  In other words, Wilson invited any error.

## DISPOSITION

The trial court's resentencing order under Penal Code section 1172.75 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.